WILLIAMS, Senior Circuit Judge,
concurring:
I agree with the panel’s opinion and write separately only to address an oddity in the principle invoked from Association of Bituminous Contractors v. Apfel, 156 F.3d 1246, 1252 (D.C.Cir.1998). See Maj. Op. at 992. Under that decision, so long as an agency has a track record of resolving an issue consistently in the past, we treat counsel’s explanation as representing the agency’s “ ‘fair and considered judgment’ ” even if the agency has never explained its reasoning prior to counsel’s litigation arguments. Bituminous Contractors, 156 F.3d at 1252 (quoting Auer v. Robbins, 519 U.S. 452, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997)); cf. Hill v. Gould, 555 F.3d 1003, 1008 (D.C.Cir.2009) (suggesting that United States v. Mead Corp., 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001), may have superseded Bituminous Contractors to the extent that that case held that an agency position could be entitled to deference in the circumstance at issue); Public Citizen v. Federal Motor Carrier Safety Administration, 374 F.3d 1209, 1218 (D.C.Cir.2004) (reciting the standard principle, in the context of a reasoned decision-making claim, that “[t]he expertise of the agency, not its lawyers, must be brought to bear on [the] issue in the first instance” (citing SEC v. Chenery, *996 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943))).
A curiosity of the Bituminous Contractors rule is that in any case in which it is applied and the statute (as ultimately construed by the court) allows but does not require the agency’s construction, a litigant could successfully raise an argument under Prill v. NLRB, 755 F.2d 941, 947-48 (D.C.Cir.1985) — namely, that a remand is in order because the agency may have wrongly thought itself compelled to adopt its interpretation. See PDK Labs. Inc. v. DEA, 362 F.3d 786, 798 (D.C.Cir.2004) (applying Prill and discussing “the Prill line of decisions”). So far as appears, Bituminous Contractors left unaltered the preexisting principle that a Prill claim cannot be defeated by litigation-stage assurances that the agency would have chosen its challenged interpretation as a matter of discretion had it realized in the first place that it possessed discretion.
In this case, the challengers have affirmatively disavowed any argument that the agency decision failed for want of reasoned decisionmaking, see Maj. Op. at 994-95, which would encompass a contention under Prill, so that decision poses no obstacle to our rejecting their claim.